**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY a/s/o<br>JOSEPH GILCHRIST<br>PO Box 29500<br>Roanoke, VA 24018<br><br>Plaintiffs,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU<br>1700 G Street NW<br>Washington, DC 20552<br><br>    SERVE ON:<br>    SETH FROTMAN<br>    General Counsel<br>    1700 G Street NW<br>    Washington, DC 20552<br><br>Defendant. | *<br>*<br>*<br>*<br>*   Case No.<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

**NOW COMES** Allstate Insurance Company ("Allstate") a/s/o Joseph Gilchrist, Plaintiff, by and through their attorney, Charles J. Fratus and Fratus Law Group, LLC, sues the Defendant Consumer Financial Protection Bureau ("CFPB") for the cause of action state:

## FEDERAL JURISDICTION AND VENUE

1. This action involves issues regarding and derives its federal jurisdiction via federal question through: The Consumer Financial Protection Bureau as Defendant 12 U.S. Code § 226 "Federal Reserve Act." Time for commencing action against United States, or a U.S. government agency, 28 U.S.C. §2401, Federal Tort Claims Act 28 U.S.C. §§ 2671-72, 2674, 2679.

2. Venue is proper in this court of filing as the incident for which the suit is subject took place in Washington, DC. Accordingly, the District Court of the United States for The District of Columbia has subject matter jurisdiction over this matter.

## PARTIES

3. The Plaintiff is Allstate Insurance Company, a Virginia corporation with its principal offices located in Roanoke, Virginia. Allstate is registered and authorized to do business in Maryland and Washington DC. At all times relevant to this complaint, Allstate had in effect a policy of automobile insurance for Mr. Gilchrist.

4. The Defendant, CFPB, is a U.S. government agency and an independent bureau within the Federal Reserve System. The Federal Reserve is an independent government agency created and formed under the Federal Reserve Act. At all times relevant to this complaint, CFPB is also Mr. Gilchrist's employer.

## FACTS

5. That on or about January 17, 2023, a vehicle (2016 Audi A6) owned and operated by Joseph Gilchrist was attempting to enter the secure, gated, manned security entrance for a CFPB employee parking garage in Washington DC.

6. Mr. Gilchrist, an employee of the CFPB, attempted to scan his badge at the scanning station for the parking garage entrance gate. Either the badge or the scanner was not working so Mr. Gilchrist had to pull forward to engage the security guard stationed in a booth for that gate. Mr. Gilchrist presented his badge and parking pass to the security guard.

7. The security guard gave verbal confirmation of Mr. Gilchrist's credentials and then hit a button within the security booth for the gate arm for the entrance.

8. The arm for the gate entrance came down on the front end of Mr. Gilchrist's bumper, removing a part of the bumper, breaking it and damaging Mr. Gilchrist's vehicle.

9. That, as a result of the impact and collision of the gate arm with Mr. Gilchrist's vehicle, Mr. Gilchrist's vehicle was damaged.

10. Plaintiff complied with the notice requirements of the Federal Government Tort Claims Act ("LGTCA"), pursuant to 28 U.S.C. §§ 2671-72, 2674, 2679, by sending a letter to and filing to the appreciate forms with the Defendant. Notice letter and forms to the Defendant attached and named as Exhibit A.

## COUNT ONE
## NEGLIGENCE

11. The Plaintiff re-alleges and incorporates all the allegations contained in paragraphs 1-10 as if fully set forth herein.

12. That the Defendant was negligent and breached various duties owed to the Plaintiff in failing to assess Mr. Gilchrist's vehicle position as being clear of the gate arm before hitting the button to lower it; failing to instruct Mr. Gilchrist of the proper position and distance away from the gate arm to stop his vehicle before furnishing his credentials to receive entry into the parking garage when the badge scanner was not working to automatically admit Mr. Gilchrist; failing to confirm Mr. Gilchrist's credentials at a safe distance from the gate arm; failing to dispatch a security guard to Mr. Gilchrist's vehicle where it sat at the automatic badge reading; and failing to direct Mr. Gilchrist to safe vantage point for his credentials to be checked manually in lieu of the automatic system failing.

13. That as a direct and proximate result of the collision aforesaid and negligence of the Defendant, CFPB, the Plaintiff incurred significant, substantial, and permanent property damage; that the Plaintiff asserts that all of this loss, damage, and injury was the direct result of the negligence of the Defendant with no want of due care on the Plaintiff's part contributing thereto.

14. That the Plaintiff had in effect a policy of insurance with the Plaintiff, Allstate Insurance Company. Allstate joins herein to protect its subrogated interest in this matter.

15. Defendant's negligence proximately caused significant, substantial, and permanent property damage of Plaintiff. Plaintiff asserts that all of this loss and damage was the direct result of Defendant's negligence, without any contributory negligence by Plaintiff.

16. Plaintiff's insured Joseph Gilchrist had in effect a policy of insurance with Allstate. Allstate joins herein to protect its subrogated interest in this matter.

**WHEREFORE**, Plaintiff, Allstate Insurance Company a/s/o Joseph Gilchrist, demands judgment against the Defendant, in the amount of **THREE THOUSAND SEVENTY-NINE DOLLARS AND 79/100 ($3,079.79),** plus costs and service.

/s/ Charles J. Fratus
Charles J. Fratus
#461676
Fratus Law Group, LLC
566 B&A Blvd
Severna Park, MD 21146
410.295.7100 (phone)
844.240.1557 (fax)
Chuck@Fratuslaw.com
*Attorney for Plaintiff*

**CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing: October 10, 2023

/s/ Charles J. Fratus
Charles J. Fratus
#461676
Fratus Law Group, LLC
566 B&A Blvd
Severna Park, MD 21146
410.295.7100 (phone)
844.240.1557 (fax)
Chuck@Fratuslaw.com
*Attorney for Plaintiff*